**Ralph J. GREGG, Plaintiff,**

v.

**E. C. COYLE, Jr., Defendant.**

Civ. 9353.

United States District Court
W. D. New York.

March 31, 1963.

Albrecht, Maguire, Heffern & Gregg, Buffalo, N. Y. (George M. Zimmermann, Buffalo, N. Y., of counsel), for plaintiff.

John T. Curtin, U. S. Atty. (Eugene P. O'Connor, Asst. U. S. Atty., of counsel), for defendant.

HENDERSON, District Judge.

In 1960, Park Club Swimming Pool, Inc. was formed to organize, finance, and construct swimming pool and bathhouse facilities on the premises of the Park Country Club of Buffalo, Inc. Construction of these facilities was financed by the issuance of two types of bonds. The type involved in this case were designated "Privilege Bonds," were non-interest bearing, and could be held only by members of the Park Country Club. The holder of two of these bonds automatically became a member of Park Club Swim-

ming Pool, Inc. without payment of initiation fees. In addition, for each bond held, a person was exempted from one-tenth of the annual dues of that organization. The bonds were ultimately to be redeemed out of revenues from the operation of the pool. Thus, the plaintiff who purchased ten of these bonds automatically became a member without initiation fees and was not subject to payment of annual dues.

On the basis of the plaintiff's purchase of these bonds, Internal Revenue Service in 1961 assessed and the plaintiff paid the 20% tax on club fees (26 U.S.C. § 4241) on the total price paid for the bonds and on the amount of annual dues from which the plaintiff was exempt. Thereafter, the plaintiff filed a claim for refund of the tax imposed on the total price of the bonds and, upon rejection of his claim, commenced this action for a refund. The Government has not disputed the plaintiff's assertion that the set-off claimed in its answer was improperly computed nor the assertion that the proper amount has been paid by the plaintiff. Claiming that no issue of material fact exists and that section 4243, Title 26 U.S.C. exempted the plaintiff from the payment of the subject tax, the plaintiff moves for summary judgment.

■ The Government, on the basis of unsuccessful attempts to obtain the consent of plaintiff's counsel to an administrative settlement, has moved to dismiss on the ground that the question is now moot. In addition to the fact that the Government has failed to properly bring its motion, the court finds that the alleged tender was improperly conditioned, and that the Government has failed to establish that its alleged tender was sufficient in amount. Accordingly, the Government's motion is denied.

■ Since the facts, as previously outlined, are not disputed by the Government, and the exemption provided by section 4243 is applicable to this factual situation, the plaintiff's motion is granted.

The clerk is directed to enter judgment in accordance with the demands of the plaintiff's complaint including costs against the Government.

So ordered.